UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

B&H FARMS, LLC, a Florida
limited liability company,

      Plaintiff,

v.                              Case No: 2:16-cv-323-FtM-99MRM

WINFIELD SOLUTIONS, LLC, a
Delaware limited liability
company,

      Defendant.

_____

**<u>OPINION AND ORDER</u>**

    This matter comes before the Court on review of defendant's Motion to Dismiss Amended Complaint (Doc. #15) filed on May 31, 2016.  Plaintiff filed a Response (Doc. #19) on June 14, 2016. For the reasons set forth below, the motion is denied.

**I.**

    Plaintiff B&H Farms, LLC (plaintiff or B&H) filed an Amended Complaint alleging a single count of state-law negligence against defendant Winfield Solutions, LLC (defendant or Winfield).  (Doc. #13.)  The negligence claim concerns defective delivery tanks that Winfield provided to B&H for use in the application of Winfield's soil fumigant on B&H's fields.  The underlying material facts are set forth in the Amended Complaint, and are accepted as true for purposes of the motion to dismiss.

Winfield is engaged in the business of marketing and distributing agricultural products, including soil fumigants, herbicides, and pesticides, to commercial farming operations. (Doc. #13, ¶ 7.)   Paladin, a soil fumigant distributed by Winfield[1], is designed to be applied to fields before crops are planted, often in combination with chloropicrin, a chemical compound that is particularly effective in controlling soil-borne fungi. (Id. at ¶¶ 9-11.)   When applied, chloropicrin quickly expands to cover the entire area where it is administered. (Id. at ¶ 12.)

While chloropicrin is effective in controlling soil-borne fungi, it is seldom applied alone because it does not control nematode and nutsedge (a weed commonly found in Florida). (Doc. #13, ¶ 13.)   In fact, chloropicrin stimulates the germination of nutsedge at a rate much higher than the rate nutsedge would germinate if no product whatsoever were applied. (Id.)   When Paladin is evenly applied at the correct rate in conjunction with chloropicrin, it effectively kills the nutsedge that is germinated as a result of the application of chloropicrin. (Id. at ¶ 14.) If Paladin is not evenly applied across the treated areas at the

---

[1] Winfield is a distributor of Paladin, but does not manufacture it.   Paladin is manufactured by Arkema, Inc., a Pennsylvania corporation.

correct rate, it will not effectively kill the germinated nutsedge, resulting in excessive nutsedge overgrowth in the ineffectively treated areas.  (Id.)

In the fall of 2015, B&H obtained soil fumigant from Winfield that consisted of a mixture of Paladin and chloropicrin (the Soil Fumigant) to use for the protection of its bell pepper, watermelon, and tomato fields for the 2015-2016 growing season.  (Doc. #13, ¶ 15.)  Winfield delivered the Soil Fumigant to B&H in multiple delivery tanks that are commonly referred to as "Pigs," which each hold 110 gallons of product.  (Id. at ¶ 16.)  The Pigs delivered by Winfield are owned and maintained by Winfield, and not only stored the Soil Fumigant, but were also used to apply the Soil Fumigant to agricultural fields.  (Id.)

B&H applied the Soil Fumigant to its fields by attaching the Pigs provided by Winfield to its tractors and regulating the amount of Soil Fumigant released into the field by a computerized flowmeter and calibration system.  (Doc. #13, ¶ 18.)  As it was applying the Soil Fumigant to its fields, B&H discovered that air bubbles were forming in some of the older Pigs during the application of the Soil Fumigant.  (Id. at ¶ 20.)

B&H experienced extensive and excessive nutsedge germination and emergence in various fields that were treated with the Soil Fumigant from the older Pigs.  (Id. at ¶ 22.)  Upon investigation,

B&H discovered that the air bubble problem in the older Pigs had prevented those Pigs from evenly distributing Soil Fumigant across B&H's fields, resulting in excessive nutsedge germination in those affected areas. (Id. at ¶ 22.) This occurred even though the flowmeter and calibration in B&H's tractors showed that the Soil Fumigant was being evenly distributed across its fields. (Id. at ¶ 24.) B&H alleges that Winfield's defective Pigs failed to sufficiently distribute Paladin in the manner required to kill the geminated nutsedge, resulting in excessive nutsedge germination across B&H's fields in the affected areas. (Id. at ¶ 27.)

The Amended Complaint alleges a single count for negligence. B&H alleges that Winfield knew that B&H would apply the Soil Fumigant with the Pigs owned and maintained by Winfield, and accordingly owed a duty to provide Pigs that would adequately and appropriately deliver the Soil Fumigant to B&H's fields without causing damage. (Doc. #13, ¶¶ 47-48.) B&H further alleges that Winfield breached its duty by failing to provide Pigs that adequately and appropriately deliver the Soil Fumigant and failing to properly maintain the Pigs (Id. at ¶50.) As a direct and proximate result of the breaches, B&H suffered various monetary damages (Id. at ¶ 51.)

**II.**

The Court finds that the Amended Complaint sets forth a plausible cause of action for negligence under the principles set forth in Federal Rule of Civil Procedure 8(a)(2).  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Winfield nonetheless seeks dismissal of the Amended Complaint, arguing that plaintiff's negligence claim is barred as a matter of law by the Florida economic loss rule.  (Doc. #15, p. 1.)

"Under the Erie doctrine, a federal court adjudicating state law claims applies the substantive law of the state."  Sphinx Int'l, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 412 F.3d 1224, 1227 (11th Cir. 2005) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).  "The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses."  Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc., 110 So. 3d 399, 401 (Fla. 2013).  In Florida, the economic loss rule is applicable only to products liability cases.  Id. at 407.  Since the Amended Complaint does not allege a products liability claim, the economic loss rule does not bar the claim.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion to Dismiss Amended Complaint (Doc. #15) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of October, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record